FILED
2005 Jul-07 PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMIE BOZEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-1408-PWG |
| | ) | |
| MRS. B.A. JONES, Steward, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Jimmie Bozeman, an inmate at Bullock County Correctional Facility, has filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 in which he complains about conditions of confinement at the prison. He requests injunctive relief. Since plaintiff's complaint involves civil rights claims, venue is not proper in the Northern District of Alabama. Proper venue for the civil rights action mentioned is governed by 28 U.S.C. § 1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Bullock County Correctional Facility in Union Springs, Alabama. Further, the defendants are located in Bullock County, Alabama. All actions giving rise to the complaint occurred in Bullock County, Alabama. Bullock County is within

the purview of the United States District Court for the Middle District of Alabama. Therefore, because all defendants are located in the Middle District, the material incidents giving rise to the plaintiff's complaint occurred in that district, and injunctive relief can only be granted in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for the plaintiff's civil rights action. 28 U.S.C. §1391(b).

For the above reasons, transfer of the plaintiff's civil rights action to the Middle District of Alabama would result in a more convenient and efficient resolution of the issues presented by the plaintiff.  28 U.S.C. §1404(a).  Therefore, this action is due to be TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §1404(a).[1]

An appropriate Order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on the plaintiff.

DATED this 7th day of July, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[1] Plaintiff did not file an application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. §1915 and under the circumstances of this case, this court makes no determination with respect to same. The assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Alabama.